# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEN'S FOODS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 01-CV-11878-NG |
| | ) |
| KEN'S STEAK HOUSE, INC., | ) |
| | ) |
| Defendant. | ) |

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE THE EXPERT TESTIMONY OF ALEX SIMONSON

Plaintiff, Ken's Foods Inc. ("KFI"), respectfully submits this reply memorandum in support of its motion exclude the expert testimony of Alex Simonson and the survey that defendant, Ken's Steak House, Inc. ("KSH"), intends to offer through him, as irrelevant and thus not helpful to the trier of fact. KSH's Opposition contends the survey is relevant to: (1) KSH's counterclaims for trademark infringement, and (2) KSH's counterclaims for cancellation of KFI's federal trademark registrations. As explained below, the survey is fatally deficient as a matter of law and should be excluded.

## ARGUMENT

### I.   SURVEY INADMISSIBLE REGARDING KSH'S INFRINGEMENT CLAIM

KSH's first argument is that the Simonson survey is relevant to its infringement counterclaims. KSH Opposition at 5-6. KSH asserts that the survey demonstrates customer confusion which supports KSH's claim for damages. KSH's arguments are at odds with the

March 19, 2004 report and recommendation of Magistrate Judge Dein ("R&R") recommending

that summary judgment be granted on KSH's claim for damages.  More particularly, Magistrate

Judge Dein found that:

> [s]ince KFI used the Marks with KSH's consent, and there has been no injury to
> the public, this court concludes that KSH is not entitled to an accounting of KFI's
> profits even if KSH prevails on its Lanham Act claims.

> R&R at 11.

Thus, irrespective of whether or not the survey shows any confusion, KSH is not entitled to relief

because it consented to KFI's use of the marks. *See also* R&R at 12 (""KSH consented to KFI's

use of the Marks and cannot now seek to hold it liable for its profits").

> Magistrate Judge Dein also found that:

> KFI does argue, however, that if it used the Marks with KSH's consent, it cannot
> be liable for damages.  This court agrees. *See T&T Mfg. Co. v. A.T. Cross Co.*,
> 587 F.2d 533, 537-38 (1st Cir. 1978).

> R&R at 7.

Therefore, KSH's argument that the survey is admissible because it relates to damages should

also be rejected as KSH is not entitled to any damages herein.[1] *See also* R&R at 9 ("[KSH] has

produced absolutely no evidence that there has been any public harm caused by the confusion,

and, in fact, has produced evidence to the contrary").

## II.   SURVEY INADMISSIBLE AS FATALLY FLAWED REGARDING KSH'S CANCELLATION CLAIMS

On pages 6-8 of its opposition, KSH argues that the survey is "highly probative" of

KSH's counterclaims for cancellation of KFI's federal trademark registrations.  KSH is wrong as

a matter of law.  KFI's registrations were issued in 1980.  Mr. Simonson conducted his survey

over 20 years later, in 2002.  As pointed out on page 2 of KFI's opening brief, the relevant time

---

[1] In fact, Mr. Simonson admitted in deposition that he did not even survey or opine as to harm. *See* Ex A (Simonson Dep. Tr.) at 160–61.

period for determining whether or not a registration should be canceled is the time at which the registration was obtained, i.e. 1980. *See Bd. of Trustees of the Univ. of Alabama v. BAMA-Werke Curt Baumann*, 231 USPQ 408, 410-11 (TTAB 1986); *Harjo v. Pro Football Inc.*, 30 USPQ2d 1828, 1832 (TTAB 1994). Plainly, Mr. Simonson did not conduct his survey in or around 1980. Moreover, as KFI also pointed out (Opening brief at 2), none of his survey questions directed to the time of registration. The pertinent questions were all directed to the surveyed consumers' present state of mind. KSH's opposition does not deny this. As a result, the survey is fatally flawed as a matter of law and should be excluded.

## **CONCLUSION**

For the foregoing reasons, KFI respectfully urges the Court to grant this motion and exclude the testimony of Alex Simonson and the survey he conducted on behalf of KSH.

Respectfully submitted,

**KEN'S FOODS, INC.**

Date: January 31, 2005

_____
Paul J. Hayes (BBO # 227000)
Joseph P. Messina (BBO # 559328)
Dean G. Bostock (BBO # 549747)
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY and POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241

Howard J. Susser (BBO # 636183)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000
Fax: (617) 345-3299

*Attorneys for Plaintiff*

LIT 1501570v2