## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KEN'S FOODS, INC.,**  )  <br>     **Plaintiff,**  ) <br> ) <br> v.   ) <br> ) <br> **KEN'S STEAK HOUSE, INC.,**  ) <br>     **Defendants.**  ) | C.A. No. 01-11878-NG |

**GERTNER, D.J.:**

### ORDER RE:
### CERTAIN OUSTANDING MOTIONS (EXCEPT EVIDENTIARY MOTIONS)
February 7, 2005

### I.   INTRODUCTION

The plaintiff, Ken's Foods, Inc. ("Foods") is in the business of manufacturing, packaging and selling bottled salad dressings, marinades and other food products.  The defendant, Ken's Steak House, Inc. ("Steak House"), owns and operates a restaurant known as Ken's Steak House (the "Restaurant") in Framingham, Massachusetts.  One of the salad dressings sold by Foods is based on the dressing originally created for use in the Restaurant, a fact which is included in much of Foods' marketing materials.  The Restaurant Owners have reaped financial benefit from Foods' enterprises insofar as they are shareholders in Foods.

Foods is the record owner of the federally registered trademarks "KEN'S" and "KEN'S STEAK HOUSE," which were issued in 1980.

### A.   The Original Action

Foods commenced this action on November 1, 2001, alleging that Steak House's use of these trademarks constitutes federal trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition based on false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair and deceptive practices in violation of Mass. Gen. Laws ch. 93A, §§ 2 and 11. Foods argues that Steak House claims in its advertising to own or manufacture the bottled salad dressing or to have an affiliation with or sponsorship by Foods in connection with the bottled salad dressing (e.g., photo of Foods' dressing in an advertisement for the restaurant; resale of bottled dressing on the Steak House website).  As described below, after its most recent amendment, the only claim remaining from its initial complaint is the claim of trademark infringement.

### B.   The Counterclaims

Though Foods is the record holder of the trademarks at issue, Steak House has filed a number of counterclaims seeking a declaratory judgment that it is the true owner of the trademarks and that Foods uses them under an express royalty-free license. In the alternative, if the relationship between the parties is not found to constitute a license, Steak House claims that it is a consent arrangement, invalid *ab initio* as violating public

policy, and, accordingly, that Foods' use of the marks is an infringement.  In addition, Steak House counterclaims (Counts X-XIII) seeking to cancel Foods' trademarks on the grounds that they were obtained by fraud, warranting cancellation under 15 U.S.C. § 1115(b)(1), falsely suggest a connection with Ken's Steak House, in violation of 15 U.S.C. § 1052(a), and amount to a misrepresentation of source, in violation of 15 U.S.C. § 1064(3).  As described below, summary judgment is granted to Foods with respect to the fraud and misrepresentation of source allegations.

II.  **OUTSTANDING MOTIONS (EXCEPT EVIDENTIARY MOTIONS)**

    A.    **Plaintiff Ken's Foods, Inc.'s Motion for Partial Summary Judgment (Document # 130; Report and Recommendation, Document # 180)**

Foods seeks to dismiss Counts X-XIII of Steak House's counterclaims.

Magistrate Judge Dein issued a Report and Recommendation on September 24, 2003 (document #180), in which she recommended granting summary judgment on the fraud and misrepresentation of source grounds, but denying summary judgment on the false connection claim.  In addition, she recommended denial of Foods' motion for summary judgment to the extent that it asserts a defense of laches.

I agree with Judge Dein that the record is insufficient for a jury to find by clear and convincing evidence that Foods had

the requisite intent to deceive for a finding of fraud.  I also agree with Judge Dein, although under a slightly different rationale, that there is no basis for a finding that Foods misrepresented the source of its products.  Judge Dein concluded that a claim of misrepresentation of source cannot stand when Steak House does not bottle a competing salad dressing, or manufacture anything for retail sale.  According to her reasoning, there is thus no way for the public to believe that it is buying one product, salad dressing produced by Steak House, when it is in fact buying another, salad dressing produced by Foods.  I do not agree.  It is not inconceivable that consumers are led to believe that Steak House bottles the salad dressing that it serves.

However, nothing on this record suggests such a conclusion. Foods in no way tries to convince consumers that its salad dressings were actually produced by Steak House.  Indeed, just the opposite is true.  Foods' trademark claim is based on the allegation that Steak House is trying to persuade the public that it produces the dressings, not the reverse.

I also agree with Judge Dein's conclusion that Foods' summary judgment motion should be denied with respect to the false connection claim and the defense of laches.  Steak House argues that Foods' trademark registrations should be cancelled because they falsely suggest a connection between Foods and Steak

House.  (This is a claim in the alternative; Steak House's principal claim is that it owns the trademarks and Foods is a licensee, thus reinforcing the connection between the parties). In response, Foods claims that the suggestion of a connection is not false because of the long-standing relationship between the parties.

Significantly, Foods' position is inconsistent with its original complaint, which charged that Steak House has falsely represented a connection with Foods.  To be sure, Foods has filed a motion to amend its original complaint, dropping all claims for false designation of origin and unfair and deceptive practices, and leaving only a claim for trademark infringement. Nevertheless, the extent of a connection between the two entities is a factual issue that remains in dispute, particularly given that Foods' original allegations relied on affidavits. Accordingly, summary judgment is inappropriate.

Finally, Foods claims that Steak House's efforts to cancel its trademarks on the ground of false connection are barred by laches because Steak House improperly delayed asserting this claim.  Again, I agree with Judge Dein that this is a factual issue that remains in dispute.  On the one hand, Steak House allegedly knew about Foods' trademark registrations when they were issued in 1980 and in its dealings with a third party seeking to register "KEN'S" in the mid-1980s.  At the same time,

a jury could find that Steak House was unaware of the need to protect its rights because of Foods counsel's representations.

Foods' motion for summary judgment is **GRANTED** except insofar as it applies to Steak House's claim of false connection, and Foods' defense of laches.

### B. Foods' Motion to Amend Complaint (Document # 181)

Foods has filed a motion to amend its complaint as described above, dropping all claims for false designation of origin and unfair and deceptive practices, and leaving only a claim for trademark infringement. This motion is **GRANTED**. However, the parties are precluded from challenging my adoption of Dein's Report and Recommendation on the basis of the amended complaint.

### C. Foods' Motion for Partial Summary Judgment Dismissing Steak House's Claims for an Accounting of Profits (Document # 168; Report & Recommendation, Document # 193)

Foods moves for Partial Summary Judgment (Document # 168), contending that Steak House is not entitled to an accounting of Foods' profits even if it prevails on its federal trademark infringement claims (Counts VII-IX) or pendent state law claims (Counts XIV-XVI). In particular, Foods argues that, under any theory of liability proffered by Steak House, Foods has been using the trademarks KEN'S, KEN'S STEAK HOUSE, and the restaurant design depicted on the front of Foods' salad dressing bottles (collectively the "Marks") with Steak House's permission since 1958, and thus, cannot be held liable for its profits. In

addition, Foods asserts that the claims for an accounting are time-barred, as well as precluded by the doctrine of laches.

In a decision issued on March 19, 2004, Judge Dein recommended that Foods' motion be granted.  I adopt her recommendation, but with a clarification.

Steak House argues that Judge Dein's Report and Recommendation pertains only to the profits earned four years prior to the suit, and that it is entitled to an accounting of profits for the period after it filed its counterclaims on January 14, 2002.  It rightly asserts that an accounting for profits generated subsequent to the filing of a complaint is available, even where an accounting for pre-litigation profits is barred due to plaintiff's assent to defendant's infringing conduct.  See e.g., James Burroughs Ltd. v. Sign of the Beefeater, Inc., 572 F. 2d 574, 578 (7th Cir. 1978)(plaintiff delayed instituting infringement suit for an unreasonable amount of time after becoming aware of the infringing conduct, so doctrine of laches precludes recovery of profits for period prior to suit, but not on the basis of infringing activities after suit was filed).

In my judgment, Judge Dein's recommendation that Steak House's claim for an accounting be dismissed did not explicitly address the availability of profits post-filing of Steak House's counterclaims.  This issue was not presented in the underlying

-7-

papers, and thus was not resolved.  Accordingly, it remains in play.

    **D.**    **Steak House's Motion to Amend Answer (Document # 203, Amending #71)**

Steak House's Motion to Amend Answer is **GRANTED**.  The underlying issues -- abandonment and standing -- are variations on long-standing themes in this case.  No further discovery is required.

Steak House's additional amendments are unopposed.

    **E.**    **Foods' Motion to Bifurcate Incontestability Issue (Document #204); Steak House's Motion to Bifurcate Trial Into Liability and Damages Phases (Document # 205)**

These motions are both **DENIED**.

    **F.**    **Foods' Motions to Strike Jury Demand (Document # 221)**

This motion is **DENIED**.  A jury trial will proceed on Steak House's claims for damages in three categories -- an accounting of profits since the date of the filing of the counterclaims, a reasonable royalty rate for Foods' marks since the date of the filing of the counterclaims, and the costs of seeking to register the marks.

**III.** <u>**SUMMARY**</u>

For the reasons set forth above, the following is hereby **ORDERED:**

1.  Plaintiff Ken's Foods, Inc.'s Motion for Partial Summary Judgment (Document # 130) is **GRANTED IN PART AND DENIED IN PART;**

2.  Judge Dein's Report and Recommendation, (Document # 180) is **ADOPTED;**

3.  Foods' Motion to Amend Complaint (Document # 181) is **GRANTED;**

4.  Foods' Motion for Partial Summary Judgment Dismissing Steak House's Claims for an Accounting of Profits (Document # 168, is **GRANTED;**

5.  Judge Dein's Report & Recommendation (Document # 193) is **ADOPTED;**

6.  Steak House's Motion to Amend Answer (Document # 203) is **GRANTED;**

7.  Foods' Motion to Bifurcate Incontestability Issue (Document # 204) is **DENIED;**

8.  Steak House's Motion to Bifurcate Trial Into Liability and Damages Phases (Document # 205) is **DENIED;**

9.  Foods' Motions to Strike Jury Demand (Document # 221) is **DENIED.**


**SO ORDERED.**

**Dated: February 7, 2004**                **s/ NANCY GERTNER, U.S.D.J.**

-10-