IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **KEN'S FOODS, INC.,**  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**KEN'S STEAK HOUSE, INC.**  )<br>)<br>Defendant.  )<br>) | Civil Action No. 01-11878-NG |

### PLAINTIFF KEN'S FOODS, INC.'S OBJECTIONS
### TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Plaintiff Ken's Foods, Inc. ("KFI") objects to all of the jury instructions included in defendant Ken's Steak House Inc.'s ("KSH") proposed supplemental preliminary jury instructions, dated February 10, 2005. KFI also objects to the following proposed instructions, which were filed in KSH's preliminary jury instructions, dated February 7, 2005: Nos. 2.1 (Assignment); 2.2 (License or Consent); 2.3 (Quality Control); 2.4 (Fraud on the USPTO); 2.5 (Cancellation of Trademark Registrations); and 2.6 (Infringement).

The proposed instructions to which KFI objects contain inaccurate or incomplete statements of the relevant legal principles, or are otherwise unnecessary in light of the Court's rulings. To address these deficiencies, KFI includes, as Exhibit A, a set of proposed jury instructions that address these issues. KFI maintains that the majority of the issues to be tried in this dispute are not questions for a jury. In light of the Court's February 10th ruling, however, KFI urges that the Court adopt its proposed instructions.

KFI has not submitted a proposed instruction on the issue of licensee estoppel. KSH has. *See* KSH proposed supplemental instruction No. 2.3B. The doctrine would never have any

relevance or application in the trial of either party's claims, and no instruction is needed. KFI will introduce its registrations as evidence of ownership and its other rights, and will urge that the registrations conclusively prove those facts. KSH may seek to prove any "prior use" rights it thinks it can establish, as a means to lessen the evidentiary weight of the registrations. In any event, the registrations will be all, or some, of the evidence upon which ownership is determined. Once ownership is decided, it is wholly unnecessary to instruct the jury on licensee estoppel because, at that point, KFI would no longer be in a position to challenge KSH's ownership of the trademarks.

In any event, licensee estoppel is an equitable doctrine that does not apply in these circumstances. As every case to which KSH cites makes readily apparent, the equitable doctrine applies only where the parties have entered knowingly and freely into a license agreement where the licensee acknowledges that the licensor is the true owner of the trademark. *See, e.g., Prof. Golfers Assoc. of America v. Bankers Life & Casualty Company*, 514 F.2d 665, 667 ((5th Cir. 1975), *Gruen Marketing Corp. v. Benrus Watch Company, Inc.*, 955 F. Supp. 979, 981 (N.D. Ill. 1997). In light of those acknowledgements, a licensee may, therefore, be estopped from acting in a manner that is inconsistent with the representations and promises expressly made. The doctrine surely does not apply here where KFI does not now, and never has, acknowledged that KSH has any interest in its trademarks, let alone true and exclusive ownership. *See, e.g.,* 2 McCarthy, § 18:63 ("The Restatement [(Third) of Unfair Competition § 33] cautions that licensee estoppel is an equitable doctrine which is not rigidly applied in any and all situations: 'a court remains free to consider the particular circumstances of the case, including the nature of the licensee's claim and the terms of the license.'").

## Conclusion

For these reasons, KFI asks that the Court reconsider the portion of its Order denying KFI's motion to bifurcate incontestability issues, and reiterates its request that the Court sever the incontestability issues presented in the petitions to cancel to be tried separately.

Respectfully submitted,

**KEN'S FOODS, INC.,**

Date: February 13, 2005

/s/ Joseph P. Messina
Paul J. Hayes (BBO # 227000)
Joseph P. Messina (BBO # 559328)
Dean G. Bostock (BBO # 549747)
James M. Wodarski (BBO# 627036)
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY and POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241

Howard J. Susser (BBO # 636183)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000
Fax: (617) 345-3299